UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CHARLES L. BIBBS,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>ARAMARK CORPORATION,<br>SUPERVISOR MARY AND BOB,<br>CHIEF PAULKINS and SGT.<br>KELLEY,<br><br>　　　　Defendants. | NO.  CV-06-3039-EFS<br><br>ORDER DISMISSING ACTION WITHOUT PREJUDICE<br><br>**1915(g)** |

　　　BEFORE THE COURT is Plaintiff's First Amended Complaint, filed August 11, 2006.  Plaintiff, a prisoner currently housed at the Regional Justice Center/King County Correctional Facility, is proceeding *pro se* and *in forma pauperis*; Defendants have not been served.

　　　After review of the amended complaint, the Court finds it fails to cure the deficiencies of the initial complaint.  Plaintiff signed his initial complaint in this action on May 12, 2006.  He sought monetary damages for a "slip and fall" accident which occurred in the kitchen of the Yakima County Jail on or about May 9, 2006.  Although Petitioner indicates he subsequently sought to exhaust administrative remedies, he did not do so prior to initiating this action as required by 42 U.S.C. § 1997e(a).  *See Booth v. Churner*, 532 U.S. 731, 741 (2001); *see also*

ORDER DISMISSING ACTION WITHOUT PREJUDICE -- 1

*Porter v. Nussle*, 534 U.S. 516, 532 (2002)("holding the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong.")

In any event, Plaintiff's allegations of the conditions which predicated his fall could be construed, at worst, as a run-of-the-mill slip and fall negligence type claim.[1]  As previously advised, negligence is not actionable under section 1983. *Davidson v. Cannon*, 474 U.S. 344, 347-48 (1986); *see also Daniels v. Williams*, 474 U.S. 327, 333 ("[I]njuries inflicted by governmental negligence are not addressed by the United States Constitution. . . .").

While Plaintiff's averred injuries are unfortunate and may support a state tort claim, they do not rise to the level of a federal constitutional violation, and therefore, do not state a federal cause of action under 42 U.S.C. § 1983. *See e.g. Snyder v. Blankenship,* 473 F.Supp. 1208, 1212 (W.D.Va. 1979) (failure to repair leaking dishwasher which resulted in a pool of soapy water in which prisoner slipped did not violate Eighth Amendment); *Robinson v. Cuyler*, 511 F.Supp. 161, 163

---

[1] In the amended complaint Plaintiff has added a claim that scalding water splashed on him when an other inmate overfilled a heating cart on May 4, 2006, causing third degree burns.  He indicates an injury report was filed and he received medical attention.  Plaintiff also complains he suffered "severe migraine head pains" due to strong smells from an electrical fire in the steamer on May 7, 2006.  Plaintiff indicates the steamer was repaired the following day.

ORDER DISMISSING ACTION WITHOUT PREJUDICE -- 2

(E.D.Pa. 1981) ("[a] slippery kitchen floor does not inflict 'cruel and unusual punishments'"). Accordingly, **IT IS ORDERED** this action is **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted under 28 U.S.C. §§ 1915(e)(2) and 1915A(b)(1).

Pursuant to 28 U.S.C. § 1915(g), enacted April 26, 1996, a prisoner who brings three or more civil actions or appeals which are dismissed as frivolous or for failure to state a claim will be precluded from bringing any other civil action or appeal *in forma pauperis* "unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). **Plaintiff is advised to read the new statutory provisions under 28 U.S.C. § 1915**. **This dismissal of Plaintiff's complaint may count as one of the three dismissals allowed by 28 U.S.C. § 1915(g) and may adversely affect his ability to file future claims**.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order, forward a copy to Plaintiff at his last known address, enter judgment, and close the file. The District Court Executive is further directed to forward a copy of this Order to the Office of the Attorney General of Washington, Criminal Justice Division.

**DATED** this 2nd day of October 2006.

                        S/ Edward F. Shea
                          EDWARD F. SHEA
                       UNITED STATES DISTRICT JUDGE

Q:\Civil\2006\6cv3039efs-9-26-dis.wpd

ORDER DISMISSING ACTION WITHOUT PREJUDICE -- 3